UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

LORETTA NAJERA,

    Plaintiff,

v.                                                                                             Civ. No. 16-455 GJF

NANCY A. BERRYHILL, *Acting
Commissioner of the Social Security
Administration*,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's "Motion to Reverse and Remand to Agency for Rehearing, with Supporting Memorandum" ("Motion") [ECF No. 18]. Having meticulously reviewed the entire record, considered the parties' arguments, and being otherwise fully advised, the Court finds that substantial evidence supports the Commissioner's decision to deny benefits and that the proper legal standards were applied. For the following reasons, the Court will **DENY** Plaintiff's Motion.

### I. PROCEDURAL BACKGROUND

On August 10, 2012, Plaintiff applied for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI"), alleging that her disability began on April 5, 2012. Administrative R. ("AR") 197-209. She based her application for disability benefits on the following impairments: (i) congestive heart failure, (ii) post-traumatic stress disorder ("PTSD"), (iii) bipolar disorder, and (iv) depression. AR 231. Plaintiff's applications were initially denied on January 23, 2013 [AR 125-131], and upon reconsideration on April 29, 2013 [AR 132-136]. Plaintiff then filed a written request for a hearing and on May 28, 2014, Administrative Law Judge ("ALJ") Donna Montano held a hearing in Albuquerque, New

1

Mexico. Plaintiff testified at the hearing and was represented by attorney Feliz Martone. Additionally, the ALJ heard testimony from Mary Diane Weber, an impartial vocational expert, and Susan Bolton, Plaintiff's case manager. AR 31-74.

On September 23, 2014, ALJ Montano issued her decision, finding that Plaintiff was not disabled under the Social Security Act and therefore ineligible for disability insurance benefits or supplemental security income. AR 25. Plaintiff filed a request for review by the Appeals Council, which was denied on April 12, 2016. AR 1-11. Consequently, the ALJ's decision became the final decision of the Commissioner. Plaintiff timely filed this appeal on May 19, 2016. *See* Pl.'s Compl., ECF No. 1.

Plaintiff filed subsequent applications for SSDI and SSI benefits on May 12, 2016. Pl.'s Mot. 3. On October 6, 2016, Plaintiff's application for SSI benefits was approved. *Id.* at 4.

## II. APPLICABLE LAW

### A. Standard of Review

When the Appeals Council denies a claimant's request for review, the ALJ's decision becomes the final decision of the agency.[1] The Court's review of that final agency decision is both factual and legal. *See Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)) ("The standard of review in a social security appeal is whether the correct legal standards were applied and whether the decision is supported by substantial evidence.").

The factual findings at the administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g) (2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g) (2012), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981 (2017); *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Substantial evidence does not, however, require a preponderance of the evidence. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citation omitted). "Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Lax*, 489 F.3d at 1084. A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

As for the review of the ALJ's legal decisions, the Court examines "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases." *Lax*, 489 F.3d at 1084. The Court may reverse and remand if the ALJ failed "to apply the correct legal standards, or to show . . . that she has done so." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

Ultimately, if substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to

relief. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214, *Doyal*, 331 F.3d at 760.

## B. Sequential Evaluation Process

The SSA has devised a five-step sequential evaluation process to determine disability. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2017). At the first three steps, the ALJ considers the claimant's current work activity, the medical severity of the claimant's impairments, and the requirements of the Listing of Impairments. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), & Pt. 404, Subpt. P, App. 1. If a claimant's impairments are not equal to one of those in the Listing of Impairments, then the ALJ proceeds to the first of three phases of step four and determines the claimant's RFC. *See Winfrey*, 92 F.3d at 1023; 20 C.F.R. §§ 404.1520(e), 416.920(e). In phase two, the ALJ determines the physical and mental demands of the claimant's past relevant work, and in the third phase, compares the claimant's RFC with the functional requirements of his past relevant work to determine if the claimant is still capable of performing his past work. *See Winfrey*, 92 F.3d at 1023; 20 C.F.R. §§ 404.1520(f), 416.920(f). If a claimant is not prevented from performing his past work, then he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant bears the burden of proof on the question of disability for the first four steps, and then the burden of proof shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Talbot v. Heckler*, 814 F.2d 1456, 1460 (10th Cir. 1987).

If the claimant cannot return to his past work, then the Commissioner bears the burden at the fifth step of showing that the claimant is nonetheless capable of performing other jobs existing in significant numbers in the national economy. *See Thomas*, 540 U.S. at 24-25; *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step sequential evaluation process in detail).

## III. SUMMARY OF ARGUMENTS

Plaintiff advances two arguments. First, she argues that the ALJ did not apply proper legal standards in evaluating medical opinion evidence, specifically, opinion evidence from Plaintiff's primary care physician. Pl.'s Mot. 10-15. Second, Plaintiff argues that the ALJ committed reversible error in crafting Plaintiff's residual functional capacity ("RFC") because the ALJ didn't properly consider and incorporate Plaintiff's non-severe impairments. *Id.* at 16-18. In response, the Commissioner argues that the ALJ reasonably and properly evaluated all relevant evidence, including medical opinion evidence, and determined that Plaintiff retained capacity to perform light work. Def.'s Resp. 7.

## IV. ALJ'S DECISION

On September 23, 2014, ALJ Montano issued a decision denying Plaintiff's applications for SSDI and SSI benefits. In doing so, the ALJ conducted the five-step sequential evaluation process. AR 15-25. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 5, 2012, the date of her alleged disability onset. AR 17. At step two, the ALJ determined Plaintiff had the following severe impairments: cardiomyopathy and obesity. The ALJ found these impairments to be severe because "[t]hese impairments cause a more than minimal impact on the [Plaintiff's] ability to maintain and perform basic work activities." AR 18. At this step, the ALJ also determined Plaintiff had the following non-severe impairments: cocaine dependence in remission, methamphetamine dependence in remission, alcohol dependence in remission, depression, anxiety, posttraumatic stress disorder, and bipolar disorder. The ALJ determined that because the limitations, singly and in combination, "do not cause more than minimal limitation in the [Plaintiff's] ability to perform basic mental work activities," they are therefore non-severe. AR 18.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] The ALJ primarily relied on medical opinion evidence to reach this conclusion. Focusing first on Plaintiff's cardiomyopathy, the ALJ found that "[Plaintiff's] medical records do not show that she experienced systolic or diastolic failure to meet or medically equal [L]isting 4.02," which is entitled "chronic heart failure." AR 19. The ALJ next focused on Plaintiff's obesity, and found that "the medical evidence of record does not support a finding." AR 20.

Before step four, the ALJ determined Plaintiff had the following RFC: "to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)." AR 20. Sections 404.1567(b) and 416.967(b) define light work as:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b) (2017). In support of this RFC assessment, the ALJ found that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ." AR 22. Then, the ALJ detailed the many factors she considered. The ALJ explained her reasoning for assigning great weight to the state agency medical consultants' mental and physical assessments. The ALJ also

---

[2] The specific sections of the Code of Federal Regulations the ALJ referenced include: 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926 (2016). AR 19.

related her reasoning for giving little weight to the opinions of Dr. Bohan, Plaintiff's primary physician. AR 23. Ultimately, the ALJ concluded that "as a whole, the [Plaintiff's] cardiomyopathy continues to be treated with medication when the [Plaintiff] remains compliant and that she has been asked to refrain from heavy work only." AR 24.

Plaintiff's past work was classified by the vocational expert as a detail manager and telemarketing supervisor. At step four, the ALJ determined that Plaintiff was able to perform past relevant work because such work "does not require the performance of work-related activities precluded by the [Plaintiff's] residual functional capacity." AR 24. Subsequently, the ALJ concluded that Plaintiff was not disabled under the meaning of the Social Security Act from April 5, 2012, through the date of the decision. AR 25.

## V. ANALYSIS

### A. Medical Opinion Evidence

Plaintiff begins her challenge to the ALJ's determination that she was not legally disabled by taking aim at the ALJ's treatment of medical opinions offered by Dr. Juliane Bohan, Plaintiff's primary care physician. Pl.'s Mot. 10-15. The records reflect that Dr. Bohan served as Plaintiff's primary care physician since June 2012, when Dr. Bohan advised her to establish regular care in a primary care clinic. At the time, Plaintiff was being seen regularly in a cardiology clinic. AR 392. Between June 19, 2012, and September 23, 2014, the date of the ALJ's decision, Dr. Bohan treated Plaintiff on approximately 11 occasions, for issues ranging from alcohol addiction to prescription management for Plaintiff's heart condition. *See* AR 352-55, 356-68, 366-70, 373-76, 380-83, 392, 478-81, 493-96, 518-20, 525-27, 532-37.

The ALJ focused on treatment notes from two of Dr. Bohan's visits with Plaintiff, those being November 2013 and May 2014. AR 23. Plaintiff saw Dr. Bohan on November 8, 2013,

7

for a standard follow-up appointment, at which Dr. Bohan reviewed a variety of issues, including Plaintiff's heart failure test (brain natriuretic peptide) results, her recent weight gain, her psychiatric problems, and medication management issues. AR 478-81. In relevant part, Dr. Bohan wrote in her impression and plan:

> She is applying for disability. I do believe that in addition to her multiple medical problems that her psychiatric issues preclude her from being gainfully employed. She has significant impulse control problem. In addition, because she is on a large dose of Furosemide, she has frequent urination. This in combination with her significantly impaired exercise capacity, keeps her from being able to hold down a job.

AR 480.

Plaintiff again saw Dr. Bohan on May 30, 2014, for a standard follow-up appointment, at which Dr. Bohan reviewed Plaintiff's medical history, in similar fashion to the November 2013 appointment. AR 532-37. In relevant part, Dr. Bohan wrote in her notes:

> She is applying for disability. She did have a disability evaluation but no decision has been made about whether or not she would qualify. I have sent all of her medical records to the disability attorney. I do believe she is eligible for disability because she not only has significant heart disease, but also has significant social anxiety and posttraumatic stress disorder, which precludes her from being able to be gainfully employed.

AR 532.

The ALJ assigned "little weight" to Dr. Bohan's opinions, explaining that "an opinion on whether an individual is disabled goes to an issue reserved to the Commissioner and therefore cannot be given special significance." AR 23. Plaintiff argues that the ALJ improperly dismissed Dr. Bohan's opinions entirely and did not conduct the proper legal analysis, as dictated by Social Security Ruling ("SSR") 96-5p. Pl.'s Mot. 14. Accordingly, Plaintiff argues that this Court should remand this case to require the ALJ to conduct the proper legal analysis. *Id.* at 15. The Commissioner contends that the ALJ did consider Dr. Bohan's opinions and reasonably

8

concluded they were entitled to little weight because they trespassed on issues reserved to the Commissioner. Def.'s Resp. 8. Furthermore, the Commissioner defends the ALJ's treatment of Dr. Bohan's opinions by arguing that "Dr. Bohan did not actually assess Plaintiff with any functional limitations that would be of assistance to the ALJ in determining her RFC." *Id.*

Social Security Ruling 96-5p provides guidance as to how to treat medical source opinions on issues that are reserved to the Commissioner. *See* SSR 96-5p, 1996 WL 374183 (July 2, 1996). Under 20 C.F.R. § 404.1527(e) and § 416.927(e), one relevant example of such an issue is whether an individual is considered disabled under the Social Security Act. *Id.* at *2. The Ruling provides that "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." *Id.* The Ruling also provides, however, that "adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner." *Id.* When evaluating medical source opinions on issues that are reserved to the Commissioner, the Ruling mandates that the adjudicator must apply the applicable factors in 20 C.F.R. §§ 404.1527(d) and 416.927(d). *Id.*

The Court concludes that the ALJ did not violate SSR 96-5p in evaluating Dr. Bohan's opinions. Pursuant to 20 C.F.R. § 404.1527 and § 416.927, the ALJ properly chose not to give controlling weight to Dr. Bohan's personal belief that Plaintiff's multiple medical problems precluded her from being able to maintain gainful employment. The determination of whether Plaintiff is disabled is entirely within the province of the Commissioner, and the ALJ made no error in rejecting these opinions.

Furthermore, after careful review of the ALJ's decision and each of Dr. Bohan's 11 sets of treatment notes, the Court concludes that the ALJ sufficiently reviewed and weighed Dr.

Bohan's opinions in accordance with the law. In sum, each of Plaintiff's 11 visits with Dr. Bohan included a narrative review of the following issues: Plaintiff's issues with alcohol addiction and substance abuse, medication management and resulting side effects from new prescriptions, results of Plaintiff's multiple echocardiograms, and Plaintiff's behavioral health issues. *See* AR 352-55, 356-68, 366-70, 373-76, 380-83, 392, 478-81, 493-96, 518-20, 525-27, 532-37. Dr. Bohan did not assess Plaintiff with functional limitations that an ALJ normally considers when determining whether a claimant is disabled, such as how long Plaintiff can sit or stand or whether Plaintiff would be able to maintain regular attendance at work in spite of her medical conditions. Instead, Dr. Bohan's treatment notes are indicative of continued follow-ups and monitoring of multiple medications. The ALJ's decision reflects her review of the medical records, including review of Plaintiff's heart failure tests, her medication adjustments, her obesity, and her mental impairments. *See* AR 20-24.

Although the Court would have preferred the ALJ offer more explanation, her decision to assign Dr. Bohan's opinions little weight was explained sufficiently enough throughout the narrative to permit meaningful judicial review. As articulated by SSR 96-5p, the law requires that adjudicators carefully consider medical source opinions about any issue. It does not require, however, a detailed explanation of each regulatory factor the ALJ considered when coming to her conclusion. The ALJ described in detail the medical records she reviewed, though she did not explicitly mention Dr. Bohan by name each time. She explained Plaintiff's presentation during numerous appointments, effects of prescription medication, and the results of her multiple tests related to her heart failure condition. Upon review, this Court must only determine whether there is sufficient evidence that the ALJ properly considered the medical source opinions. The Court finds that the ALJ's decision sufficiently demonstrates that she thoroughly and properly

reviewed the medical records pertaining to Plaintiff's multiple medical conditions, most importantly her heart failure and her obesity. Because the ALJ conducted a sufficient review in accordance with SSR 96-5p, her decision to assign little weight to Dr. Bohan's opinions was not legally erroneous.

### B. Assessment of Residual Functional Capacity

Plaintiff's second challenge to the ALJ's decision takes aim at the ALJ's RFC determination that Plaintiff could perform "the full range of light work." Pl.'s Mot. 16-18. She argues that the RFC failed to include the limiting effects of Plaintiff's non-severe mental impairments and that this omission constitutes reversible error. *Id.* The Commissioners responds that Plaintiff fails to identify any specific functional mental limitations supported by the record that the ALJ failed to incorporate into her RFC. Def.'s Resp. 10-12.

The RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8P, 1996 WL 374184 (July 2, 1996). The RFC is the individual's maximum ability "to do sustained work activities in an ordinary work setting on a regular and continuing basis." *Id.* The RFC assessment must be based on all of the evidence in the record.[3] *Id.*

When assessing an individual's RFC, "the ALJ must consider the combined effect of all medically determinable impairments, whether severe or not." *Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013) (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)). Furthermore, "the

---

[3] Evidence considered includes: medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms (including pain) that are reasonably attributed to a medically determinable impairment, evidence from attempts to work, need for a structured living environment, and work evaluations. SSR 96-8P, 1996 WL 374184 (July 2, 1996).

RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (citing SSR 96-8P, 1996 WL 374184 (July 2, 1996)).

The record reflects that the ALJ considered all of the relevant evidence, and Plaintiff fails to demonstrate that the RFC finding is inconsistent with any medical findings or any specific mental limitations. The ALJ thoroughly reviewed the medical evidence, which included treatment notes from Plaintiff's primary care physician, results from Plaintiff's multiple heart failure tests, and reports from consultative examiners. The ALJ discussed Dr. Hughson's report, and justified discounting his opinion about Plaintiff's physical condition as well as his assignment of a low GAF score. AR 20-23.

The ALJ also reviewed Plaintiff's own testimony regarding her symptoms and reports of her daily activities. Additionally, the ALJ reviewed a report from Plaintiff's neighbor, who offered her opinions on Plaintiff's activities and limitations. The ALJ noted multiple inconsistencies between Plaintiff's reported limitations and her daily activities and wrote that "[t]he [Plaintiff's] inconsistent statements support the undersigned's assessment that her allegations in her disability application are not fully credible." AR 23. Namely, Plaintiff reported that she could not walk more than twenty to thirty feet and her neighbor reported that she was always in bed. AR 20-21. However, Plaintiff also reported to her doctors that she was making a diligent effort to exercise at the gym daily and her neighbor reported that they attend church and go for walks together. AR 22.

Specifically focusing on Plaintiff's alleged mental impairments, there is sufficient evidence to support Plaintiff's ability to work in an unrestricted manner. In determining

Plaintiff's RFC, the ALJ weighed Plaintiff's testimony alongside reports from consultative examiners. The Court finds no fault in the ALJ's reliance on Dr. Hughson, a consultative psychiatrist who noted that Plaintiff has experienced some symptoms as a result of her mental impairments for many years, while still being able to successfully maintain gainful employment.

In her Motion, Plaintiff reviewed her history of mental diagnoses, including PTSD and borderline personality disorder. Pl.'s Mot. 16-17. Overall, what Plaintiff provides the Court is a review of Plaintiff's subjective complaints that she reported to various medical professionals and a timeline of how her medications were adjusted accordingly. What Plaintiff fails to do, however, is identify for the Court those specific mental limitations that would affect her ability to maintain gainful employment and that the ALJ failed to address while determining Plaintiff's RFC. Unfortunately for Plaintiff, a generalized blanket assertion such as "[Plaintiff] would have difficulty with basic work activities due to her mental health" is plainly insufficient to entitle Plaintiff to a remand.

The ALJ's assessments of the credibility of Plaintiff and the medical professionals were hers to make. Those assessments were satisfactorily explained, are consistent with the medical evidence in the record, and cannot be second-guessed by this Court when conducting its substantial evidence review. For these reasons, the undersigned rejects Plaintiff's assertion that the ALJ erred in determining Plaintiff's RFC and failed to support her decision with substantial evidence. Ultimately, Plaintiff's arguments amount to an invitation to this Court that it should re-weigh the relevant evidence, which it will not do. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) ("We review only the sufficiency of the evidence, not its weight.").

## VI. CONCLUSION

For these reasons, the undersigned finds that the ALJ's decision was supported by substantial evidence and the correct legal standards were applied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion be **DENIED**, the Commissioner's final decision be **AFFIRMED**, and this action be **DISMISSED**.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*